Nicholson, C. J.,
delivered the opinion of the court.
James L. Moyers filed his petition in the Circuit Court of Claiborne county for a divorce from his wife Amy L. Moyers, and gave James Branscom as surety for costs on his prosecution bond. The petitioner charges that defendant had threatened his life by poison and otherwise. Defendant answered and denied every allegation in the petition, and by way of recrimination charges numerous instances of cruel and inhuman treatment by way of apology for any intemperance of language to which his cruelty may have provoked her.
The petitioner then obtained leave to amend his petition, and by way of amendment charged defendant Avith adultery with a specified -person. Defendant answered and denied indignantly the charge of adultery, and recriminated by charging petitioner with repeated violations of his marriage vow.
Before proof was taken Branscom, the surety for costs gave petitioner notice that he must give counter security. Failing to do this Branscom Avas discharged, and petitioner filed the pauper oath. Afterward defendant entered a motion to dispauper the petitioner, and upon proof the court sustained the motion, and the petitioner having failed to give security for costs, the cause Avas dismissed. From this judgment petitioner has appealed in error.
The only question for our determination is, whether *497 the court erred in dispaupering the petitioner? It appears from the bill of exceptions that a short time-after the petition was filed petitioner was seen by different persons at different times and places to have in his possession gold and silver amounting to $50 or $60, and a large roll of paper money, the outside bill being a $20 bill; that he was exhibiting this money and boasting that he had $500 with which to prosecute his suit against defendant. It also appears that on application to the court for an allowance pen-dente lite to defendant, it was proven that Branscom, his surety for costs, was indebted to him the sum of $400.
On the other hand, Branscom proved that the gold and silver and paper money spoken of by the other witnesses, whose testimony he had heard, was witness’ money, and that he had placed it in his possession to be exhibited as his own for the purpose of tantalizing and harrassing defendant and her friends. The amount he said was $250 or more of the money. Witness, said nothing about the $400 which it had been proved he owed to petitioner.
Upon this evidence the court dispaupered petitioner, and we think correctly. Without deciding whether his conduct and declarations, when in possession of the money, constitute an estoppel which he could not remove by proving the falsehood of his declaration and the malicious motives which actuated him, it is enough that Branscom, who claimed to own the money, was indebted to petitioner in the sum of $400, an amount more than sufficient to cover the costs. We have a *498 right to presume that with this money he could have procured security for the costs.
But it is objected that defendant had no right to make the motion to dispauper petitioner, because she was not interested in the question of costs. This is a mode of defense which married women as well as .all other litigants may resort to. If the defendant believed that petitioner was practicing a fraud upon the court and upon its officers in prosecuting his suit as a pauper, it was not only her right but her duty to the court and to the officers directly concerned in the costs, to avail herself of her right to expose the fraud and force the petitioner either to give security tor costs or go out of court.
We find no error in the action of the court below, and affirm the judgment.